UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MONIQUE D. JENKS,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of the Social Security Administration,<br><br>　　　　　　Defendant. | CASE NO. 14-cv-05481 RBL JRC<br><br>REPORT AND RECOMMENDATION ON PLAINTIFFS COMPLAINT<br><br>Noting Date: February 13, 2015 |

　　　This matter has been referred to United States Magistrate Judge J. Richard Creatura pursuant to 28 U.S.C. § 636(b)(1) and Local Magistrate Judge Rule MJR 4(a)(4), and as authorized by *Mathews, Secretary of H.E.W. v. Weber*, 423 U.S. 261, 271-72 (1976). This matter has been fully briefed (*see* Dkt. 20, 21, 22).

　　　After considering and reviewing the record, the Court concludes that the ALJ erred by failing to discuss significant, probative evidence from examining psychologist Dr. Terilee Wingate, Ph.D. regarding her opinion that plaintiff had marked limitations in

REPORT AND RECOMMENDATION ON
PLAINTIFF'S COMPLAINT - 1

her short term memory and in her ability to maintain appropriate behavior in the work setting. Additionally, the ALJ's rationale for her failure to credit fully Dr. Wingate's opinion is not specific and legitimate and supported by substantial evidence in the record as a whole because the evidence cited by the ALJ in support of her decision was not inconsistent with Dr. Wingate's opinion. Had the ALJ credited fully this opinion from Dr. Wingate, the RFC would have included additional limitations, thus the error is not harmless.

Therefore, this matter should be reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) to the Acting Commissioner for further proceedings consistent with this Report and Recommendation.

## BACKGROUND

Plaintiff, MONIQUE D. JENKS, was born in 1977 and was 27 years old on the alleged date of disability onset of April 8, 2005 (*see* AR. 244-47, 248-56). Plaintiff obtained her GED and has a certificate in criminal justice (AR. 64-65). Plaintiff has work experience in child care at a day care center and fast food restaurants (AR. 271-73).

According to the ALJ, plaintiff has at least the severe impairments of "cervical degenerative disc disease; lumbar degenerative disc disease; posttraumatic stress disorder; headaches; [and] obesity (20 CFR 404.1520(c) and 416.920(c))" (AR. 30).

At the time of the hearing, plaintiff was living alone (AR. 61).

## PROCEDURAL HISTORY

Plaintiff's applications for disability insurance benefits ('DIB') pursuant to 42 U.S.C. § 423 (Title II) and Supplemental Security Income ('SSI') benefits pursuant to 42 U.S.C. §

1382(a) (Title XVI) of the Social Security Act were denied initially and following reconsideration (*see* AR. 177-79, 180-83, 184-88, 189-96). Plaintiff's requested hearing was held before Administrative Law Judge Joanne E. Dantonio ("the ALJ") on August 13, 2012 (*see* AR. 55-106). On November 30, 2012, the ALJ issued a written decision in which the ALJ concluded that plaintiff was not disabled pursuant to the Social Security Act (*see* AR. 24-54).

On April 15, 2014, the Appeals Council denied plaintiff's request for review, making the written decision by the ALJ the final agency decision subject to judicial review (AR. 1-5). *See* 20 C.F.R. § 404.981. Plaintiff filed a complaint in this Court seeking judicial review of the ALJ's written decision in June, 2014 (*see* Dkt. 1, 3). Defendant filed the sealed administrative record regarding this matter ("AR.") on September 2, 2014 (*see* Dkt. 13, 14).

Plaintiff raises the following issues: (1) Whether or not the ALJ reasonably evaluated opinions provided by two of plaintiff's examining psychologists; (2) Whether or not the ALJ reasonably found plaintiff was not credible (*see* Plaintiff's Opening Brief, Dkt. 20, pp. 3, 8, 11).

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (*citing Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

REPORT AND RECOMMENDATION ON
PLAINTIFF'S COMPLAINT - 3

## DISCUSSION

(1) **Whether or not the ALJ reasonably evaluated opinions provided by two of plaintiff's examining psychologists**.

a. Examining psychologist, Dr. Terilee Wingate, Ph.D.

Plaintiff first presents arguments regarding the ALJ's rejection of a portion of examining psychologist Dr. Terilee Wingate's opinion (*see* Opening Brief, Dkt. 20, pp. 5-8). Plaintiff complains that the ALJ's reasons for rejecting a portion of Dr. Wingate's opinion were not legitimate nor legally sufficient (*id.*).

Dr. Wingate performed a mental status examination and submitted a Psychological/Psychiatric Evaluation, wherein Dr. Wingate opined that plaintiff has several mild to moderate limitations (AR. 407-14). Dr. Wingate also found that plaintiff has two marked limitations (AR. 409, 412). Dr. Wingate opined that plaintiff has marked limitations in her short term memory, as plaintiff remembered zero (0) of four (4) words after five (5) minutes (AR. 409). In addition, Dr. Wingate found that plaintiff has marked limitations in maintaining appropriate behavior in a work setting as plaintiff "has difficulty sustaining a regular schedule due to her physical problems and some symptoms of anxiety and depression"(AR. 412).

The ALJ adopted Dr. Wingate's mild to moderate findings (AR. 45). However, the decision is silent as to whether the ALJ adopted or rejected Dr. Wingate's opinion that plaintiff is markedly limited due to her short term memory impairment (*id.*). The ALJ rejected Dr. Wingate's opinion regarding the marked limitation in maintaining appropriate behavior in a work setting because the ALJ found that limitation was based on physical

limitations -- an area outside Dr. Wingate's training and expertise (*id.*). The ALJ further found this limitation inconsistent with evidence of plaintiff's ability to attend college courses and act as a motivational speaker (*id.*).

The Commissioner "may not reject 'significant probative evidence' without explanation." *Flores v. Shalala*, 49 F.3d 562, 570-71 (9th Cir. 1995) (*quoting Vincent v. Heckler*, 739 F.2d 1393, 1395 (9th Cir. 1984) (*quoting Cotter v. Harris*, 642 F.2d 700, 706-07 (3d Cir. 1981))). The "ALJ's written decision must state reasons for disregarding [such] evidence." *Flores, supra*, 49 F.3d at 571.

In an early portion of her opinion, the ALJ states that plaintiff's inability to remember zero of four objects after five minutes was part of a pattern of less than full effort during psychological evaluations (AR. 38). However, the ALJ provides no discussion or analysis of Dr. Wingate's opinion of plaintiff's marked limitations in the area of short term memory impairment. The ALJ failed to explain why her interpretation of plaintiff's memory impairment, rather than Dr. Wingate's opinion, is correct. *See Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998) (*citing Embrey v. Bowen*, 849 F.2d 418, 421-22 (9th Cir. 1988)). Thus, the ALJ has failed to state legitimate and specific reasons for rejecting Dr. Wingate's opinion regarding plaintiff's short term memory limitation.

When an ALJ seeks to discredit a medical opinion, she must explain why her own interpretations, rather than those of the doctors, are correct. *Reddick, supra*, 157 F.3d at 725 (*citing Embrey v. Bowen*, 849 F.2d 418, 421-22 (9th Cir. 1988)); *see also Blankenship v. Bowen*, 874 F.2d 1116, 1121 (6th Cir. 1989) ("When mental illness is the basis of a disability claim, clinical and laboratory data may consist of the diagnosis and

observations of professional trained in the field of psychopathology. The report of a psychiatrist should not be rejected simply because of the relative imprecision of the psychiatric methodology or the absence of substantial documentation") (*quoting Poulin v. Bowen*, 817 F.2d 865, 873-74 (D.C. Cir. 1987) (*quoting Lebus v. Harris*, 526 F.Supp. 56, 60 (N.D. Cal. 1981))); *Schmidt v. Sullivan*, 914 F.2d 117, 118 (7th Cir. 1990) ("judges, including administrative law judges of the Social Security Administration, must be careful not to succumb to the temptation to play doctor. The medical expertise of the Social Security Administration is reflected in regulations; it is not the birthright of the lawyers who apply them. Common sense can mislead; lay intuitions about medical phenomena are often wrong") (internal citations omitted)).

      Regarding the marked limitations in appropriate workplace behavior, the ALJ reasons that Dr. Wingate's opinion is based on physical limitations, an area outside Dr. Wingate's training and expertise. Dr. Wingate, however, stated that plaintiff has marked limitations in maintaining appropriate behavior in a work setting because plaintiff has difficulty sustaining a regular work schedule due to her physical problems *and* some symptoms of depression and anxiety that continue to affect plaintiff (AR. 412). Dr. Wingate provided more than just an assessment of plaintiff's physical limitations. Dr. Wingate's opinion states that plaintiff would be unable to sustain a regular work schedule due to both physical and psychological problems. In addition, this opinion is backed by objective evidence of the direct observations of Dr. Wingate during the MSE. For example, Dr. Wingate indicated that she observed plaintiff's symptoms of depression, noting that plaintiff "was tearful at exam" (AR. 409). Similarly, Dr. Wingate opined that

plaintiff suffered from a markedly severe effect on her work activities from her arousal symptoms (*see id.*) Dr. Wingate indicated that she observed plaintiff's symptoms of being "hyperaware," noting that plaintiff was "tense and on-edge" (*see id.*). The ALJ failed to articulate reasons for rejecting Dr. Wingate's opinion regarding plaintiff's symptoms of depression and anxiety (AR. 45). Without discussion of the psychological symptoms affecting plaintiff's ability to maintain appropriate behavior in the workplace, the ALJ fails to state legitimate reasons for discrediting Dr. Wingate's opinion of plaintiff's limitations in this area. *See Mills v. Astrue*, 2009 WL 586111, 2009 U.S. Dist. LEXIS 22660 at *12, Docket No. C08-1319CRD (W.D. Wash. March 5, 2009) (unpublished opinion) ("dismissal of the examining psychologist's opinion regarding a patient's mental health impairments because they are partially attributable to physical impairments is not legitimate reasoning").

       The ALJ also states that the marked limitation in maintaining appropriate work behavior was inconsistent with evidence of plaintiff's ability to attend college courses and act as a motivational speaker (AR. 45). When a treating or examining physician's opinion is contradicted, that opinion can be rejected "for specific and legitimate reasons that are supported by substantial evidence in the record." *Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1996) (*citing Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995); *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)). The ALJ can accomplish this by "setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Reddick, supra*, 157 F.3d at 725 (*citing Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989)).

The evidence shows that plaintiff attended college classes, but plaintiff's pain impacted her ability to tolerate her classes (*see* AR. 541-43). Plaintiff reported to an endocrinologist that she received an award at school (AR. 1340). Dr. Wingate noted that plaintiff "won a scholarship to finish college, but her health [did not] allow her to go to school" at that time (AR. 407). Plaintiff's motivational speaking events appear to be group counseling meetings and meetings with school groups wherein plaintiff would "sit in" and speak about domestic abuse (AR. 68). Plaintiff reported that she did this on over ten (10) occasions (AR. 67). The evidence showing that plaintiff attended college courses but could not complete her degree and spoke during group meetings is not inconsistent with Dr. Wingate's opinion that plaintiff would have difficulties maintaining a full time work schedule. The ALJ's decision thus does not provide "specific and legitimate reasons that are supported by substantial evidence in the record." *See Lester, supra*, 81 F.3d at 830.

The Ninth Circuit has "recognized that harmless error principles apply in the Social Security Act context." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (*citing Stout v. Commissioner, Social Security Administration*, 454 F.3d 1050, 1054 (9th Cir. 2006) (collecting cases)). The Ninth Circuit noted that "in each case we look at the record as a whole to determine [if] the error alters the outcome of the case." *Id.* The court also noted that the Ninth Circuit has "adhered to the general principle that an ALJ's error is harmless where it is 'inconsequential to the ultimate nondisability determination.'" *Id.* (*quoting Carmickle v. Comm'r Soc. Sec. Admin.*, 533 F.3d 1155, 1162 (9th Cir. 2008)) (other citations omitted). The court noted the necessity to follow the rule that courts must review cases "without regard to errors' that do not affect the parties' 'substantial rights.'" *Id.* at

1118 (*quoting Shinsheki v. Sanders*, 556 U.S. 396, 407 (2009) (*quoting* 28 U.S.C. § 2111) (codification of the harmless error rule)).

In addition, the Ninth Circuit recently concluded that it was not harmless error for the ALJ to fail to discuss a medical opinion. *Hill v. Astrue*, 698 F.3d 1153, 1160 (9th Cir. 2012) ("the ALJ's disregard for Dr. Johnson's medical opinion was not harmless error and Dr. Johnson's opinion should have been considered") (*citing* 20 C.F.R. § 404.1527(c) (noting that this Ruling requires the evaluation of "every medical opinion" received)). According to the Ninth Circuit, when the ALJ ignores significant and probative evidence in the record favorable to a claimant's position, such as an opinion from an examining or treating doctor, the ALJ "thereby provide[s] an incomplete residual functional capacity [RFC] determination." *See id.* at 1161. Furthermore, when the RFC is incomplete, the hypothetical question presented to the vocational expert relied on at step five necessarily also is incomplete, "and therefore the ALJ's reliance on the vocational expert's answers [is] improper." *See id.* at 1162. Such is the case here.

Had the ALJ credited fully Dr. Wingate's opinion regarding plaintiff's short term memory impairments and plaintiff's ability to sustain a regular work schedule, the RFC would have included limitations in these areas, as would have the hypothetical to the vocational expert. As the ALJ's ultimate determination regarding disability was based on the testimony of the vocational expert on the basis of an improper hypothetical question, these errors affected the ultimate disability determination and are not harmless.

    b. Examining psychologist, Dr. Janis Lewis, Ph.D.

Plaintiff alleges that the ALJ erred by providing legally insufficient reasons for rejecting examining psychologist Dr. Janis Lewis. (*see* Plaintiff's Opening Brief, Dkt. 20, pp.8-10). As the Court already has determined that this matter must be reversed and remanded for further consideration, *see supra*, section 1.a, the ALJ is instructed to re-evaluate the opinions of Dr. Lewis on remand.

**(2)  Whether or not the ALJ reasonably found plaintiff was not credible**.

Plaintiff also argues that the ALJ improperly discredited plaintiff's subjective complaints (*see* Plaintiff's Opening Brief, Dkt. 20, pp. 11-12). The Court already has concluded that the ALJ erred in reviewing the medical evidence and that this matter should be reversed and remanded for further consideration, *see supra*, section 1.a. In addition, a determination of a claimant's credibility relies in part on the assessment of the medical evidence. *See* 20 C.F.R. § 404.1529(c). Therefore, plaintiff's credibility should be assessed anew following remand of this matter.

However, the Court notes briefly that the ALJ erred in her assessment of plaintiff's activities of daily living. The ALJ found plaintiff could do her own laundry and budgeting, belongs to a monthly book club, watches movies, and goes to church (AR. 39). The ALJ has not shown how these limited daily activities meet the threshold of transferrable work skills or otherwise contradict her testimony. *See Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007). Additionally, plaintiff maintains that she is unable to sit for more than 20 minutes and has difficulty standing (AR. 40). The ALJ found plaintiff less than credible in this area because plaintiff sat for 45 minutes during the hearing, and regularly participated in church groups and motivational speaking events (*id.*). The

record, however, appears to be silent regarding plaintiff's sit/stand options during her church groups and speaking engagements (*see* AR. 68). Further, the ALJ cannot deny benefits based on observations of plaintiff, if plaintiff's contrary statements are supported by the objective evidence. *See Perminter v. Heckler*, 765 F.2d 870, 872 (9th Cir. 1985) ('sit and squirm' jurisprudence 'has been condemned'). The record, thus, does not support the ALJ's conclusion that plaintiff lacks credibility regarding her difficulties sitting and standing. These errors, too, should be corrected by the ALJ following remand of this matter.

## CONCLUSION

Based on the stated reasons and the relevant record, the undersigned recommends that this matter be **REVERSED** and **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) to the Acting Commissioner for further proceedings consistent with this Report and Recommendation. **JUDGMENT** should be for plaintiff and the case should be closed.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of de novo review by the district judge. *See* 28 U.S.C. § 636(b)(1)(C). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **February 13, 2015**, as noted in the caption.

1 | Dated this 27th day of January, 2015.

\
J. Richard Creatura \
United States Magistrate Judge